Robert F. Gehrke  Bar #6348
301 East Bethany Home Road Suite
SUITE A-222
PHOENIX, ARIZONA 85012
Gehrkelaw@cox.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Webb, a single person<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona; Charles Ryan; Lyle Broadhead; Deputy Warden Hopkins; Correctional Officer Contreras; Correctional Officer McCloskey; Correctional Officer Wilson; Correctional Officer Mitchell; Correctional Officer Petruis; Correctional Officer Willis; Correctional Officer Blain Carte; Correctional Officer Scott; Correctional Officer Apple; Correctional Officer Quinonez; Correctional Officer Dabbs,<br><br>Defendants. | Case No.:<br><br>COMPLAINT |

   Plaintiff Eric Webb, by and through his undersigned counsel, hereby alleges as his Complaint the following along with a demand for a jury trial:

1

1. Plaintiff Eric Webb is a citizen and resident of Arizona.

2. Defendant State of Arizona is a governmental entity and as to state law claims, pursuant to A.R.S. §31-201.01, is the proper defendant for any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty.

3. Plaintiff at the relevant times is and was a person who was convicted of a felony offense and who while serving a sentence imposed by a court of law, suffered serious physical injury therefore can proceed against the State as to state law claims.

4. Defendant Charles Ryan is a citizen and resident of Arizona was at all relevant times the Director of the Arizona Department of Corrections and the ultimate policy maker.

5. Lyle Broadhead is a citizen and resident of Arizona and was at all relevant times in a management position with the Arizona Department of Corrections.

6. Deputy Warden Hopkins is a citizen and resident of Arizona and was at all relevant times in a management position with the Arizona Department of Corrections and who's first name will be supplemented when discovered.

7. Defendants Correctional Officer Contreras, Correctional Officer McCloskey, Correctional Officer Wilson, Correctional Officer Mitchell,

Correctional Officer Petruis, Correctional Officer Willis, Correctional Officer Blain Carte, Correctional Officer Scott, Correctional Officer Apple, Correctional Officer Quinonez, and Correctional Officer Dabbs are officers known by Plaintiff only by these listed names and will be supplemented when the true identities are established and worked at the Safford Prison Complex at all relevant times.

8. Jurisdiction is appropriate in this Court pursuant to the United States Constitution, 28 U.S.C. § 1331, §1343, §1346, §1361, §1367, §§ 2671-2680; and 42 U.S.C. §1983, §1985 and §1988;

9. Venue is appropriate in the District of Arizona pursuant to 28 U.S.C. §1391.

**Facts General to All Counts**

10. Plaintiff is a 38 year old male who incarcerated in the Safford Prison Complex, serving a sentence imposed by a court.

11. On June 3, 2013, the day before this incident, Defendant McCloskey expressed that he had half of the correctional officers working and that they were understaffed at the facility.

12. On or about the same day, Defendant Contreras was advised that inmate Francisco Baca (251792) had issues with Plaintiff Eric Webb based on where Plaintiff sat

one day in the cafeteria.

13. No record has been found for any discipline for Mr. Baca related to this incident.

14. On June 4, Plaintiff was asked by Mr. Baca to meet him and when Plaintiff showed up, he was brutally attacked.

15. One person came to Plaintiff's aid and instead of the defendants providing him protection or appreciation, he was given punishment for 110 days for saving Plaintiff's life as well as suffered his own injuries.

16. Plaintiff was attacked by as many as 30 inmates with locks and rocks in socks.

17. The attack lasted approximately 30 minutes without any interference by any of the defendants, guards or other ADC personnel.

18. Eventually, about 28 inmates went to some type of disciplinary "hole" for the assault.

19. Plaintiff was transported to the hospital and suffered serious injuries including: four broken ribs, stitches to both ears, a punctured or collapsed lung, loss of several teeth, lock marks all over his body, black eyes, swollen face, sprained wrist,

broken hand, injured shoulder and damage to his liver and kidneys.

20. The extent of the injuries are documented in the medical records that are in the possession of the Department of Corrections and it is believed that there will be permanent injuries as a result of this attack.

21. Plaintiff has complied with all required administrative remedies pursuant to A.R.S. §12-820.01 and grievance procedures where applicable and when Plaintiff was physically capable of doing so.

22. According to interviews with Defendant Charles Ryan, he admitted in 2012 that there was an increase in assaults, in part, to staffing cuts before he became director in 2009 and predicted assault rates will remain the same or decline slightly for the current fiscal year, which ends June 30 and therefore was on notice of issues with assault in the prison system.

23. On the date in question, Defendant McCloskey stated that the prison was understaffed and only half of the workers were present.

24. Despite being warned about the threats to Plaintiff and knowledge of the staffing issues, the Defendants took no action to protect Plaintiff.

COUNT ONE –FAILURE TO PROTECT- EIGHTH AMENDMENT VIOLATION (42 U.S.C.§1983) (ALL DEFENDANTS EXCEPT THE STATE OF ARIZONA)

25. All of the allegations set out above are reasserted and incorporated by reference.

26. Defendants had a duty to protect Plaintiff from violence at the hands of other prisoners.

27. Plaintiff was deprived of his right to be in a safe environment and was deprived of protection due to deliberate indifference to Plaintiff's safety. Defendants were aware of a substantial risk of serious harm to Plaintiff after being advised of the threats being made and the lack of staffing, creating an obvious risk posed by the deprivation of the guards.  The Defendants had no reasonable justification for the deprivation, in spite of that risk and failed to respond reasonably.

28. Defendants each had a sufficiently culpable mind because they each knew of and disregarded an excessive risk to Plaintiff.

29. The extreme delay in any guards coming forward to stop the fight or adequately supervise the inmates resulted in even more severe injuries.

30. The failure to protect constituted cruel and unusual punishment.

31. Defendants violated Plaintiff's Eighth and Fourteenth Amendments rights.

32. The Defendants acted under the color of law and acted with deliberate indifference to the threat of serious harm or injury by another prisoner.

33. Defendants Ryan, Broadhead and Hopkins were responsible for overseeing the other defendants and acted with deliberate indifference of the lack of adequate staffing and protection of inmates.

34. Plaintiff suffered damages due to the violation of his rights.

COUNT TWO –FAILURE TO INTERVENE- EIGHTH AMENDMENT VIOLATION (42 U.S.C.§1983) (ALL DEFENDANTS EXCEPT THE STATE OF ARIZONA)

35. All of the allegations set out above are reasserted and incorporated by reference.

36. Defendants had a duty to protect Plaintiff from violence at the hands of other prisoners.

37. Plaintiff was deprived of his right to be in a safe environment and was deprived of protection due to deliberate indifference to Plaintiff's safety. Defendants were aware of a substantial risk of serious harm to Plaintiff after being advised of the threats being made and the lack of staffing, creating an obvious risk posed by the deprivation of the guards.  The Defendants had no reasonable justification for the deprivation, in spite of that risk and failed to respond reasonably.

38. Defendants each had a sufficiently culpable mind because they each knew of and disregarded an excessive risk to Plaintiff.

39. The failure to intervene was a violation of the Plaintiff's Eighth amendment rights and resulted in severe injuries.

40. The failure to protect constituted cruel and unusual punishment.

41. Defendants violated Plaintiff's Eighth and Fourteenth Amendments rights.

42. The Defendants acted under the color of law and acted with deliberate indifference to the threat of serious harm or injury by another prisoner.

43. Defendants Ryan, Broadhead and Hopkins were responsible for overseeing the other defendants and acted with deliberate indifference of the lack of adequate staffing and protection of inmates.

44. Plaintiff suffered damages due to the violation of his rights.

COUNT THREE –NEGLIGENCE OR GROSS NEGLIGENCE/RECKLESSNESS
(STATE OF ARIZONA)

45. All of the allegations set out above are reasserted and incorporated by reference.

46. The defendants had a legal duty to use reasonable care, they breached that duty when they failed to provide adequate security knowing they were understaffed and knowing of a threat against Plaintiff, the failure to provide adequate staffing and failure to intervene when Plaintiff was attacked caused injury to the Plaintiffs described in the

preceding paragraphs.   Defendants' actions constituted a gross deviation from the standard of conduct a reasonable would observe in the actor's situation constituting reckless misconduct or aggravated negligence.

47. The State of Arizona has assumed responsibility for torts committed by the prison employees.

48. Plaintiff was damaged by the above referenced actions.

COUNT FOUR– NEGLIGENT SUPERVISION (STATE OF ARIZONA)

49. All of the allegations set out above are reasserted and incorporated by reference.

50. Defendants were responsible for the protection of the Plaintiff. They knew of should have known that the staff was not sufficient to protect Plaintiff. As a result, the failure to adequately supervise the employees resulted in serious physical injury to Plaintiff.

51. Plaintiff was damaged by the above referenced actions.

PUNITIVE DAMAGES (ALL DEFENDANTS EXCEPT STATE OF ARIZONA)

52. All of the allegations set out above are reasserted and incorporated by reference.

53. In failing to comply with reasonable staffing requirements and subjecting

Plaintiff to an unsafe environment after being told of concerns and threats coming from another inmate, the Defendants acted with an evil mind.  They consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests the following:

A. Damages caused by the conduct of the Defendants in an amount to be determined at trial including medical expenses, lost wages and emotional and physical damages;

B. Punitive damages;

C. Attorneys' fees and costs; and

D. And, such other and or further relief as may be justified under the applicable facts and circumstances.

Dated this 30th day of May, 2014.

By: /s/ Robert F. Gehrke
Robert  F. Gehrke
Attorney for Plaintiff